IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGE SWAN and MELISSA BELL, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | |
| NICK GROUP, INC. d/b/a SWANSON ) | |
| TOWING AND RECOVERY and ) | |
| SARAH CHA, ) | |
| ) | NO.: _____ |
| ) | |
| Defendants. ) | |

## **COMPLAINT FOR DAMAGES**

COME NOW Plaintiffs George Swan (hereinafter "Swan") and Melissa Bell (hereinafter "Bell"), and file this lawsuit against Defendants Nick Group, Inc. d/b/a Swanson Towing and Recovery, Inc. and Sarah Cha (hereinafter collectively "Defendants"), and show the following:

### **I. Nature of Complaint**

1.

Plaintiffs bring this action to obtain full and complete relief and to redress the unlawful employment practices described herein.

2.

This action seeks declaratory relief, liquidated and actual damages for Defendants' failure to pay federally mandated minimum wage and overtime

1

wages to Plaintiffs in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 *et seq*. (hereinafter "FLSA") during Plaintiffs' employment with Defendants (hereinafter referred to as the "relevant time period").

## II. Jurisdiction and Venue

3.

The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §216(b), and 28 U.S.C. §1343(4).

4.

Defendant Nick Group, Inc. is a Georgia corporation, and the unlawful employment practices described herein occurred at 3329 N. Henry Blvd, Stockbridge, GA 30281.  Accordingly, venue in this Court is proper pursuant to 29 U.S.C. §216(b); LR 3, Northern District of Georgia.

## III. Parties

5.

Plaintiffs are residents of the State of Georgia.

6.

Defendant Nick Group, Inc. may be served with process by delivering a copy of the summons and complaint to its registered agent, Tong C. Cha, 2108 Hammock Trail, Hampton, Georgia 30228.

7.

Defendant Sarah Cha may be served with process by delivering a copy of the summons and complaint to her home address at 2108 Hammock Trail, Hampton, Georgia 30228.

## IV. Factual Allegations

8.

Plaintiff Swan worked for the Defendants from February 2008 through June 15, 2010 as a tow truck driver and as a dispatcher.

9.

Plaintiff Bell worked for the Defendants from August 2006 to October 2009 as a dispatcher.

10.

Plaintiffs were "employees" (as defined under FLSA §3(e), 29 U.S.C. §203(e)) for Defendants.

11.

Plaintiffs performed non-exempt labor for the Defendants within the last three years.

12.

Defendants employed the named Plaintiffs during the relevant time period.

13.

During the relevant time period, Plaintiff Swan worked an amount of time that was more than forty (40) hours per workweek and was not paid at all for the time he spent working as a dispatcher, including the overtime differential.

14.

During the relevant time period, Plaintiff Bell worked an amount of time that was more than forty (40) hours per workweek and was paid a salary of $390 per week for all hours worked, regardless of her actual hours.

15.

Defendant Nick Group, Inc. is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

16.

Defendant Sarah Cha is the CFO and Secretary of Nick Group, Inc. overseeing the daily operations of Swanson Towing and Recovery.

17.

Defendant Cha had discretion over Plaintiffs' minimum wage and overtime compensation.

18.

Defendant Cha acts both directly and indirectly in the interest of Nick Group,

Incorporated and was in a supervisory position over the named Plaintiffs.

19.

Nick Group, Inc. is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

20.

Defendant Sarah Cha is an "employer" within the definition of FLSA §3(d), 29 U.S.C. §203(d).

21.

Defendants are governed by and subject to FLSA §§ 6-7, 29 U.S.C. §§ 204, 206-207.

22.

Plaintiff Swan was hired as a tow truck driver by Defendant Nick Group, Inc. on February 2, 2008 and worked in that position until June 15, 2010.

23.

During his periods of employment, Plaintiff Swan also worked over forty (40) hours per week as a dispatcher.

24.

During Plaintiff Swan's employment with Defendant Nick Group, Inc., Plaintiff Swan was paid neither the minimum wage required by FLSA §6, 29 U.S.C.

§206 nor the overtime wage differential required by FLSA §7, 29 U.S.C. §207 on the occasions that Plaintiff worked as a dispatcher.

25.

Plaintiff Swan worked as a dispatcher at Defendant Nick Group, Inc. for approximately 50 hours per week from February 2008 to March 2010.

26.

Plaintiff Bell was hired as a dispatcher by Defendant Nick Group, Inc. in August 2006 and worked in that position until October 11, 2009.

27.

During her periods of employment, Plaintiff Bell worked over forty (40) hours per week as a dispatcher.

28.

During Plaintiff Bell's employment with Defendant Nick Group, Inc., Plaintiff was paid a salary for all hours worked and was not paid the overtime wage differential as required by FLSA §7, 29 U.S.C. §207.

29.

Plaintiff Bell worked as a dispatcher at Nick Group, Inc. d/b/a Swanson Towing and Recovery for approximately 83.5 hours per week from August 2006 to October 2009.

30.

Defendants chose not to track its employees' working hours.

31.

Defendants are required to track its non-exempt employees' hours pursuant to the Fair Labor Standards Act.

## V. Violation of the Overtime Wage Requirement of the Fair Labor Standards Act.

32.

Defendants, individually and collectively, jointly and severally, have violated FLSA §§ 6-7, 29 U.S.C. §§ 206-207, by failing to pay minimum wage and overtime wages for time that Plaintiffs worked in excess of forty (40) hours in a workweek.

33.

Pursuant to FLSA §16, 29 U.S.C. §216, Plaintiffs bring this lawsuit to recover unpaid wages, overtime wage differential, liquidated damages in an equal amount, attorneys' fees, and the costs of this litigation.

## VI. Prayer for Relief

**WHEREFORE**, Plaintiffs respectfully request that this Court:

(A)   Grant Plaintiffs a trial by jury as to all triable issues of fact;

(B)   Enter judgment awarding Plaintiffs unpaid regular and overtime wages pursuant to the FLSA §§ 6-7, 29 U.S.C. §§ 206-207, liquidated damages as

provided by 29 U.S.C. §216, pre-judgment interest on unpaid wages pursuant to 29 U.S.C. §216, and court costs, expert witness fees, reasonable attorneys' fees as provided under FLSA §16 and all other remedies allowed under the FLSA; and,

(C)  Grant declaratory judgment declaring that Plaintiffs' rights have been violated;

(D)  Award Plaintiffs such further and additional relief as may be just and appropriate.

Respectfully submitted this 25th day of May, 2011.

**THE SHARMAN LAW FIRM LLC**

/s/ Paul J. Sharman
PAUL J. SHARMAN
Georgia State Bar No. 227207

The Sharman Law Firm LLC
11175 Cicero Drive, Suite 100
Alpharetta, GA 30022
Phone: (678) 242-5297
Fax: (678) 242-5297
Email: paul@sharman-law.com

Counsel for Plaintiffs