IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGE SWAN and MELISSA BELL,<br><br>    Plaintiffs,<br><br>    v.<br><br>NICK GROUP, INC. d/b/a SWANSON TOWING AND RECOVERY and SARAH CHA,<br><br>    Defendants. | CIVIL ACTION FILE<br><br>NO. 1:11-cv-1713-WSD |

## JOINT PRELIMINARY REPORT AND DISCOVERY SCHEDULE

1. **Description of the Case:**

   **(a) Describe briefly the nature of this action.**

   Plaintiffs claim that while employed by Defendant Nick Group, Inc. they were not paid minimum wage and overtime as required by the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq. Defendants deny Plaintiffs' claims.

   **(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

   Defendant Nick Group, Inc. operates a towing business. Defendant Cha is an owner and officer of the corporation. Plaintiffs contend that they were not paid minimum wage and overtime as required by the Fair Labor Standards Act.

- 1 -

Plaintiff Swan contends he worked in two different positions for Defendants, driver and dispatcher.  Plaintiff Swan contends he was not paid for any of the time he worked as a dispatcher.  Plaintiff Bell contends that she was paid a salary of $390 per week for all hours worked, regardless of her actual hours.  Plaintiffs contend that the dispatcher position is non-exempt and was misclassified by Defendants in violation of the Act.

Defendants contend that they are not subject to the Act because Plaintiffs are not employees who have been engaged in commerce or in the production of goods for commerce and have not have been employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours.  Defendants also contend that they are not subject to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., because Plaintiff Swan was paid commissions on services as defined in § 207(i).  In addition, Defendants maintain that they are exempt from the Fair Labor Standards Act under the motor carrier exemption, 29 U.S.C. § 213, 49 U.S.C. § 31502.

(c)     **The legal issues to be tried are as follows:**

(i)      Whether Defendant Nick Group, Inc. is an employer subject to the Fair Labor Standards Act;

(ii)     Whether Plaintiffs are employees who have been engaged in commerce or in the production of goods for commerce or

have been employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours;

(iii)     Whether Plaintiff Swan was paid commissions on services as defined in 29 U.S.C. § 207(i):

(iv)     Whether Plaintiff Swan performed separate work as a dispatcher entitling him to minimum wage and overtime under the Act ;

(v)     Whether either or both Defendants are exempt from the Fair Labor Standards Act under the motor carrier exemption, 29 U.S.C. § 213, 49 U.S.C. § 31502;

(vi)     Whether any of Plaintiffs' claims are barred by applicable statutes of limitations.

**(d)     The cases listed below (include both style and action number) are:**

**(1)     Pending Related Cases:**

None.

**(2)     Previously Adjudicated Related Cases:**

None.

**2.     This case is complex because it possesses one (1) or more of the features listed below (please check):**

**_____     (1)     Unusually large number of parties**

| | | |
|---|---|---|
| **____** | **(2)** | **Unusually large number of claims or defenses** |
| **____** | **(3)** | **Factual issues are exceptionally complex** |
| **____** | **(4)** | **Greater than normal volume of evidence** |
| **____** | **(5)** | **Extended discovery period is needed** |
| **____** | **(6)** | **Problems locating or preserving evidence** |
| **____** | **(7)** | **Pending parallel investigations or actions by the government** |
| **____** | **(8)** | **Multiple use of experts** |
| **____** | **(9)** | **Need for discovery outside United States boundaries** |
| **____** | **(10)** | **Existence of highly technical issues and proof.** |

The parties do not contend that this case is unusually complex.

**3.     Counsel:**

     **The following individually-named attorneys are hereby designated as lead counsel for the parties:**

Plaintiffs:    Paul J. Sharman, Esq.
             THE SHARMAN LAW FIRM, LLC
             11175 Cicero Dr., Suite 100
             Alpharetta, Georgia 30022
             (678) 242-5297
             paul@sharman-law.com

Defendants: George M. Weaver
             Jeffrey A. Shaw
             HOLLBERG & WEAVER, LLP
             2921 Piedmont Road, NE
             Suite C
             Atlanta, Georgia 30305
             (404) 760-1116
             gweaver@hw-law.com
             jshaw@hw-law.com

**4.     Jurisdiction:**

     **Is there any question regarding this Court's jurisdiction?**

     **____Yes     _X_     No**

**If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.**

**5.   Parties to This Action**

**(a)   The following persons are necessary parties who have not yet been joined:**

None.

**(b)   The following persons are improperly joined as parties:**

Defendant Cha contends that she is improperly joined. Plaintiffs contend

that Cha is properly joined as an "employer" under the FLSA § 203(d).

**(c)   The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

Not applicable.

**(d)   The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.   Amendments to the Pleadings**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.**

**(a)   List separately any amendments to the pleadings which the parties anticipate will be necessary:**

If the parties believe amendments to the pleadings are necessary, they will

file appropriate motions.

**(b)     Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary report and discovery schedule is filed or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.     Filing Times for Motions:**

**All motions should be filed as soon as possible.   The local rules set specific filing limits for some motions.   These times are restated below.**

**All other motions must be <u>filed WITHIN THIRTY (30) DAYS after the preliminary report and discovery schedule is filed or should have been filed</u>, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1A(2).**

**(a)     *Motions to Compel:*   before the close of discovery or within the extension period allowed in some instances.   Local Rule 37.1.**

**(b)     *Summary Judgment Motions:*   within thirty (30) days after the close of discovery, unless otherwise permitted by court order.   Local Rule 56.1.**

**(c)     *Other Limited Motions:*   Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d)     *Motions Objecting to Expert Testimony:*   <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted.   Refer to Local Rule 7.2F**

**8.     Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. 26.   If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection.**

None.

**9.      Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court?  If so, please state the issues which could be addressed and the position of each party.**

No.

**10.    Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint.  As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three (3) discovery tracks:  (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period.  A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F.  The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

The subjects on which discovery may be needed are the elements of Plaintiffs' claims for failure to pay minimum wage and overtime as required by the Fair Labor Standards Act.  Another subject for discovery is the payroll records of Plaintiffs and the hours they actually worked for Nick Group, Inc.

Other subjects for discovery include whether Plaintiffs are employees of Nick Group, Inc. who have been engaged in commerce or in the production of goods for commerce or have been employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty

hours.    Another  subject  for  discovery  is  whether  Plaintiff  Swan  was  paid commissions  on  services  and  whether  his  time  allegedly  spent  working  as  a dispatcher  entitles  him  to  additional  pay.    In  addition,  a  subject  for  discovery  is whether Defendants are exempt from the Fair Labor Standards Act under the motor carrier  exemption.    Another  subject  is  the  accrual  of  Plaintiffs'  claims  and  the application of the statute of limitations.

The  parties  reserve  the  right  to  propose  additional  subjects  for  discovery  as the case proceeds.

**If the parties anticipate that additional time beyond that allowed by the assigned  discovery  track  will  be  needed  to  complete  discovery  or  that discovery  should  be  conducted  in  phases  or  be  limited  to  or  focused  upon particular issues, please state those reasons in detail below:**

The  parties  do  not  presently  anticipate  the  need  for  extensions  of  the discovery period, but may ask for additional time if needed.

## 11.   Discovery Limitation

**What  changes  should  be  made  in  the  limitations  on  discovery  imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None.

## 12.   Other Orders

**What  other  orders  do  the  parties  think  that  the  Court  should  enter under Rule 26(c) or under Rule 16(b) and (c)?**

The parties may seek protective orders governing the disclosure of sensitive

or confidential information.

**13.    Settlement Potential**

(a)    **Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held** February 16, 2010**, and that they participated in settlement discussions.    Other persons who participated in the settlement discussions are listed according to the party.**

**For plaintiff:  Lead counsel (signature):** s/Paul J. Sharman

**For Defendants:  Lead counsel (signature):** s/George M. Weaver

**Other participants:** _____

(b)    **All parties were promptly informed of all offers of settlement and following discussions by all counsel, it appears there is now:**

(___)    **A possibility of settlement before discovery.**
( X )    **A possibility of settlement after discovery.**
(___)    **A possibility of settlement, but a conference with the judge is needed.**
(___)    **No possibility of settlement.**

(c)    **Counsel** ( X ) **do or** (_____) **do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is _____, 20__.**

(d)    **The following specific problems have created a hindrance to settlement of this case:**

Numerous factual and legal disputes.

**14.    Trial by Magistrate Judge:**

**Note:  Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

(a)    **The parties** (____) **do consent to having this case tried before a magistrate judge of this Court.  A completed Consent to Jurisdiction by a**

- 9 -

United States Magistrate Judge form has been submitted to the Clerk of Court this _____ day of _____, 2010.

(b)     The parties ( X ) do not consent to having this case tried before a magistrate judge of this Court.

Respectfully submitted this 21st day of July, 2011.


s/Paul J. Sharman\
Paul J. Sharman          227207\
THE SHARMAN LAW FIRM, LLC\
Attorney for Plaintiffs\
11175 Cicero Dr., Suite 100\
Alpharetta, Georgia 30022\
(678) 696-1789\
paul@sharman-law.com

s/George M. Weaver\
George M. Weaver          743150\
Jeffrey A. Shaw          557870\
HOLLBERG & WEAVER, LLP\
Attorneys for Defendants\
2921 Piedmont Rd., Ste. C,\
Atlanta, Georgia 30305\
(404)760-1116\
gweaver@hw-law.com\
jshaw@hw-law.com


* * * * * * * *

## SCHEDULING ORDER

Upon review of information contained in the Preliminary Report and Discovery Schedule form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as stated in the above completed form, except as herein modified.

**IT IS SO ORDERED, this _____ day of _____, 2011.**


_____
United States District Judge

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GEORGE SWAN and MELISSA BELL,<br><br>          Plaintiffs,<br><br>v.<br><br>NICK GROUP, INC. d/b/a SWANSON TOWING AND RECOVERY and SARAH CHA,<br><br>          Defendants. | CIVIL ACTION FILE<br><br>NO. 1:11-cv-1713-WSD |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing JOINT

PRELIMINARY REPORT AND DISCOVERY SCHEDULE with the Clerk of

Court using the CM/ECF system which will automatically send email notification

of such filing to the following attorneys of record:

Paul J. Sharman, Esq.
11175 Cicero Dr., Suite 100
Alpharetta, Georgia 30022

This 21st day of July, 2011.

s/ George M. Weaver

| George M. Weaver | 743150 |
| Jeffrey A. Shaw | 557870 |
| Attorneys for Defendants | |

HOLLBERG & WEAVER, LLP
2921 Piedmont Road, N.E., Suite C
Atlanta, Georgia 30305
(404) 760-1116
gweaver@hw-law.com
jshaw@hw-law.com